No. 14,035.

PARISH OF TANGIPAHOA VS. CAMPBELL & HART.

SYLLABUS.

Where, in a general parish election, under Act 76 of 1884, the majority of the voters of the parish decide against the sale of intoxicating liquors, the Police Jury is powerless to exact licenses for that business anywhere in the parish; but, if those voters of the parish who live in a particular town subsequently reverse that decision, in so far as their town is concerned, they, thereby, authorize the exaction of parochial licenses for liquor selling in such town just as they authorize the exaction of State and municipal licenses.

A PPEAL from the Twenty-fifth Judicial District, Parish of Tangipahoa—*Reid, J.*

*Robert S. Ellis,* District Attorney, for Plaintiff, Appellee.

*D. M. Sholars (Boatner, Dodds & Boatner,* of Counsel), for Defendants, Appellants.

The opinion of the court was delivered by

MONROE, J.   The defendants appeal from a judgment condemning them to pay $500 for a parish license as retail liquor dealers at Pontchatoula, in the parish of Tangipahoa.

It is admitted that, at an election held throughout the parish of Tangipahoa, in 1889, under Act 76 of 1884, there was a majority vote against the sale of intoxicating liquors in the parish; that subsequently, in 1900, the town of Pontchatoula, by a vote of its citizens, decided to authorize such sale, within its limits; and that, thereafter, the police jury imposed a license of $500 upon the business so authorized, though the matter had not been submitted to the voters of the parish since the election of 1889.   It is also admitted that the defendants are engaged in selling intoxicating liquors, at retail, in the town of Pontchatoula; that they have paid a State and municipal license therefor; and that the police jury has adopted, for the collection of the parish licenses, the mode prescribed by the General Assembly for the collection of State and parish taxes.

Article 229 of the Constitution, after authorizing the State to levy a license tax, proceeds as follows, to-wit: "No political corporation

shall impose a greater license tax than is imposed by the General Assembly for State purposes. This restriction shall not apply to dealers in distilled, or alcoholic, or malt liquors. The General Assembly shall have authority to provide that municipalities levying license taxes equal in amount to those levied by police juries for parochial purposes shall be exempted from the payment of such parochial licenses."

By Act 115 of 1898, amending R. S. 2743, police juries are authorized "to levy such taxes as they may judge necessary to defray the expenses of their respective parishes." So far as property taxation is concerned, this is necessarily subject to the ten-mill limitation contained in Article 232 of the Constitution, but in the matter of licensing dealers in distilled, alcoholic, or malt liquors, the power of the police juries, in general, is wthout limitation other than is found in Act No. 76 of 1884, since the Generel Assembly has never seen fit to exercise the authority conferred on it to exempt from the payment of parochial licenses persons paying licenses to municipalities. Act No. 76 of 1884 amends and re-enacts Sections 1211 and 2778 R. S., and provides: "That the police juries of the several parishes of this State, the municipal authorities of the several towns and cities, and the city council of the city of New Orleans, shall have the exclusive power to make such rules and regulations for the sale, or the prohibition of the sale, of intoxicating liquors, as they may deem advisable, and to grant or withhold licenses for drinking houses and shops within the limits of any city, parish, ward of a parish, or town, as a majority of the legal voters of any city, ward of a parish, or town, may determine, by ballot; and the said ballot shall be taken whenever deemed necessary by the police juries of the several parishes, the municipal authorities of the several cities and towns, and the city council of the city of New Orleans, *provided,* that said election shall not be held more than once a year, and *provided, further,* that whenever, at an election held under this section, the majority of the votes cast in a ward, if only a ward election has been held, or the majority of votes cast in a parish, if an election has been held for a whole parish, shall be against granting licenses for the sale of intoxicating liquors, said vote, or decision, shall govern and control the action of any ward, incorporated town, or city, within the limits of said ward, or parish, as the case may be, as fully and completely as if said election had been held by the authority of said town or city."

Considering these different provisions of the law, constitutional and statutory, together, we find no reason for supposing that it was intended to vest in the majority of the voters of a parish, or in the majority of the voters of any subdivision of a parish, the power to exempt from the payment of a parochial license any person actually engaged in a busi-ness otherwise liable to that species of taxation.

It is true that the body of the voters in the parish of Tangipahoa decided that liquor should not be sold in the parish, and, so long as their decision remained effective the police jury was powerless to exact licenses for that business in any part of the parish. But those voters of the parish who live in Pontchatoula thought proper to reverse that decision in so far as their town is concerned, and, in doing so, they authorized the exaction of parochial licenses for liquor selling in Pont-chatoula just as they authorized the exaction of State and municipal licenses, which the defendants admit that they have paid. If this were not so, we should have the singular spectacle presented of a temper-ance law so operating as to exempt retail liquor dealers in Pontcha-toula from the payment of parish licenses for which all other callings in the town are liable.

Judgment affirmed.